**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NANCY LANOVAZ, individually and on behalf of all others similarly situated, | No. 16-16628 |
| Plaintiff-Appellant, | D.C. No. 5:12-cv-02646-RMW |
| v. | MEMORANDUM* |
| TWININGS NORTH AMERICA, INC., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submission Deferred October 18, 2017
Submitted June 4, 2018**
San Francisco, California

Before: RAWLINSON and OWENS, Circuit Judges, and RICE,*** Chief District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Thomas O. Rice, Chief United States District Judge
for the Eastern District of Washington, sitting by designation.

Nancy Lanovaz appeals from the district court's order granting summary judgment to Twinings of North America, Inc. on her claims for injunctive relief. The district court concluded that Lanovaz lacked Article III standing to seek an injunction that would prohibit Twinings from using labels that Lanovaz alleged were misleading in violation of California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumer Legal Remedies Act ("CLRA"). We affirm.

Though "a previously deceived plaintiff" suing under the UCL, FAL, and CLRA "may have standing to seek injunctive relief," the plaintiff must still show "that she faces an imminent or actual threat of future harm caused by [the defendant's] allegedly false advertising." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) (holding that a future injury must be "actual or imminent" for a plaintiff to have Article III standing for injunctive relief). The plaintiff must also demonstrate that there is "a sufficient likelihood that [she] will again be wronged in a similar way." *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983); *Kimberly-Clark*, 889 F.3d at 967.

Lanovaz has failed to show that her future harm is "actual or imminent," *Lujan*, 504 U.S. at 564, or that there is a "sufficient likelihood" that she will "again be wronged in a similar way," *Lyons*, 461 U.S. at 111. At her deposition, Lanovaz

stated that she would not purchase Twinings products again, even if the company removed the allegedly misleading labels. Though Lanovaz argues that her suit should survive summary judgment because she stated in an interrogatory response that she would "consider buying" Twinings products in the future, we disagree.

A "profession of an inten[t] . . . is simply not enough" to satisfy Article III. *Lujan*, 504 U.S. at 564 (first alteration in original). A "'some day' intention[]—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do[es] not support a finding of the 'actual or imminent' injury that" Article III requires. *Id.* Lanovaz's statement that she would "consider buying" Twinings products does not satisfy this standard.

Moreover, the wrong Lanovaz alleged was her purchase of Twinings products with misleading labels. As she does not intend to purchase Twinings products in the future, it is unlikely that she will "again be wronged in a similar way." *Lyons*, 461 U.S. at 111.

**AFFIRMED**.

3